UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Femi Joseph Daramola, | Civil No. 24-cv-0761 (KMM/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Dungarvin Incorporated, Minnesota and Lura Marrie Solie, | |
| Defendants. | |

This matter is before the Court on Plaintiff Femi Joseph Daramola's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) ("IFP Application"). For the following reasons, the Court denies the IFP Application without prejudice.

"The central question [when assessing an application to proceed *in forma pauperis* ('IFP')] is whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life." *Ayers v. Tex. Dep't of Crim. Justice*, 70 F.3d 1268, 1268 (5th Cir. 1995) (per curiam) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948) (brackets added)); *Wilkening v. U.S. Dep't of Educ.*, No. 23-cv-3143 (DWF/TNL), 2023 WL 8379124, at *1 (D. Minn. Nov. 1, 2023) (citing cases, including *Ayers*). Here, there are at least two reasons why the Court cannot conclude that proceeding in this matter without an IFP grant would cause Mr. Daramola undue hardship or deprive him of life's necessities.

- First, Mr. Daramola answers "N/A" to every substantive question on the template form he submitted to the Court. (*See* ECF No. 2 at 1–5.) If Mr. Daramola wants the Court to consider his request to proceed IFP, he must make a good-faith effort to provide the requested information. "The opportunity to proceed [IFP] is a privilege, not a right." *Weaver v. Pung*, 925 F.2d 1097, 1099 n.4 (8th Cir. 1991) (citing *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987)).

- Second, it seems that Mr. Daramola's responses to the template cannot be correct. For instance, his "N/A" responses suggest (at most) that he has had no income for the past 12 months and no employment history for the past two years. (*See* ECF No. 2 at 1–2.) But Mr. Daramola's complaint in this action indicates he was employed between February 2022 and March 2023. (*See* ECF No. 1 at 3.) The allegations in his Complaint and his claims in his IFP application cannot both be true. Furthermore, it is hard to credit Mr. Daramola's claim that he has no "average monthly expenses" whatsoever. (ECF No. 2 at 4–5.)

The Court therefore denies the IFP Application. This denial is without prejudice—in other words, Mr. Daramola can file a new IFP application if he wishes (and is willing to provide the required financial information). To assist with this, the Court will order the Clerk of Court to send Mr. Daramola a blank copy of the IFP application template. If Mr. Darmola does not: (1) file a new IFP application; or (2) file this action's filing fee on or before **March 27, 2024**, the Court may recommend dismissing this matter without prejudice for failure to prosecute.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff Femi Joseph Daramola's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) is **DENIED** without prejudice.

2.  Mr. Daramola must either (1) pay this action's filing fee, or (2) submit a new IFP application on or before **March 27, 2024**. If he does neither, the Court may recommend dismissing this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

3.  The Clerk of Court shall send Mr. Daramola a copy of this District's template IFP application (i.e., Form AO 239).

Dated: March 6, 2024                                  *s/ Dulce J. Foster*
                                                      Dulce J. Foster
                                                      United States Magistrate Judge

3