UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Femi Joseph Daramola, | No. 24-cv-761 (KMM/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Dungarvin Incorporated, Minnesota, and Lura Marrie Solie, | |
| Defendants. | |

---

Plaintiff Femi Joseph Daramola brought this action, *pro se*, alleging that Defendant Dungarvin Incorporated wrongfully discharged him from his job. On July 22, 2024, United States Magistrate Judge Dulce Foster issued an Order requiring Plaintiff Femi Joseph Daramola provide a notice to Defendant Dungarvin Incorporated and take further steps in prosecution of this litigation. The July 22nd Order observed that Plaintiff served the summons and complaint on Dungarvin on June 27, 2024, Dungarvin's answer was due on July 18, 2024, and Dungarvin failed to answer or otherwise respond to the Complaint. Accordingly, Judge Foster requirement Plaintiff to (1) notify Dungarvin that it was required to answer or otherwise respond to the complaint within ten days of service of the notice; (2) file the notice on CM/ECF; and (3) file an application for entry of default within twenty-one days of the date of the Order if Dungarvin failed to answer or otherwise respond.

Plaintiff provided filed a Proof of Service indicating that Mrs. Iyanu Daramola served the required notice on Dungarvin on July 31, 2024. One day later, on August 1,

2024, Mr. Daramola filed an application for entry of default, and moved for default judgment. On August 2, 2024, the Clerk entered default against Dungarvin. Mr. Daramola did not give Dungarvin ten days from service of the notice to answer or otherwise respond to the complaint. As a result, his application for entry of default, his motion for default judgment, and the Clerk's entry of default are premature. Accordingly, the Court denies the motion for default judgment without prejudice and vacates the Clerk's entry of default. Once the periods established by the July 22nd Order fully expire, Mr. Daramola may renew his application for entry of default and if the Clerk of Court enters Dungarvin's default again, he may then move for default judgment.[1]

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Motion for Default Judgment, Dkt. No. 19, is **DENIED WITHOUT PREJUDICE**;

2. The Clerk's Entry of Default is **VACATED**; and

3. Plaintiff may renew his application for entry of default in accordance with the Order issued July 22, 2024 at an appropriate time, and if the Clerk of Court enters Defendant Dungarvin Incorporated's default again, Plaintiff may renew his motion for entry of default judgment.

Date: August 5, 2024          *s/Katherine Menendez*
                              Katherine Menendez
                              United States District Judge

---

[1] The Court notes that Mr. Daramola did not file a memorandum of law or any supporting affidavits or exhibits with his motion for default. If Mr. Daramola renews his motion for default judgment at an appropriate time, he must support the motion, at a minimum, with a memorandum of law. In addition, the Court advises Mr. Daramola that it cannot enter any money judgment against a defendant unless Mr. Daramola provides evidentiary support for the damages he seeks to recover.