UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Femi Daramola, | No. 24-cv-761 (KMM/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Dungarvin Minnesota LLC, | |
| Defendant. | |

This matter is before the Court on Defendant Dungarvin Minnesota LLC's ("Dungarvin") Motion to Strike Jury Demand (Dkt. No. 64). Plaintiff Femi Daramola did not demand a jury trial in his original complaint, which he filed on March 4, 2024. He first demanded a jury trial on July 8, 2025, by filing a notice. (Dkt. No. 60.) Dungarvin asks the Court to find that Mr. Daramola's jury demand is waived pursuant to Rules 38 and 39 of the Federal Rules of Civil Procedure. (Dkt. No. 64.) The motion has now been fully briefed.[1] As explained below, although the Court finds Mr. Daramola's jury demand to be untimely, the Court excuses the waiver and declines to strike it.

To demand a jury trial, a party must serve a written demand on the other parties within 14 days after serving its last pleading and then file it with the court. Fed. R. Civ. P. 38(b). Failure to do so constitutes waiver of a jury trial. Fed. R. Civ. P. 38(d) ("A party waives a jury trial unless its demand is properly served and filed."); *Spear v. Dayton's*, 771 F.2d 1140, 1144 (8th Cir. 1980) ("Failure to make a timely demand constitutes a waiver of the right to jury trial."). "But the court

---

[1] Though Mr. Daramola did not initially respond to the motion, the Court set a briefing schedule, and Mr. Daramola filed a memorandum in opposition on September 25, 2025. (Dkt. Nos. 77, 78.) Dungarvin chose not to file a reply.

may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b).

District courts have broad discretion in deciding whether to order a jury trial under Rule 39. *Spear*, 771 F.2d at 1144; *see also Kigera v. Bethesda Lutheran Communities*, No. 2:16-cv-02547-JTM-TJJ, 2017 WL 2418013, at *1 (D. Kan. June 5, 2017) ("The discretion afforded by Rule 39(b) is very broad and in the absence of strong and compelling reasons to the contrary, a district court should exercise its discretion to grant a jury trial.") (footnote omitted). Courts consider multiple factors in this analysis:

> (1) whether the case involves issues that are best tried to a jury; (2) whether granting the motion (to allow a jury) would disrupt the court's schedule; (3) the degree of prejudice to the adverse party caused by allowing the late filed demand;(4) the length of delay in having requested a jury and (5) the reason for the movant's tardiness.

*Seow v. Miyabi Inc.*, No. 19-cv-2692 (JNE/DTS), 2020 WL 10758881, at *2 (D. Minn. Apr. 14, 2020) (citing *Eichten v. KMART Corp.*, No. 07-3006 (RHK/RLE), 2007 WL 2084142, at *1 (D. Minn. July 17, 2007)). "The Eighth Circuit has noted that courts ought to approach each application under Rule 39(b) with an open mind and that jury trials ought to be liberally granted when no prejudice results." *TrueNorth Cos., LC v. TruNorth Warranty Plans of N. Am., LLC*, No. 17-cv-31-LTS-KEM, 2019 WL 8301690, at *8 (N.D. Iowa June 3, 2019) (cleaned up) (quoting *Littlefield v. Fort Dodge Messenger*, 614 F.2d 581, 585 (8th Cir. 1980)).

Applying these rules, the Court excuses Mr. Daramola's initial waiver of a jury trial. First, the Court notes that Mr. Daramola did not make a motion under Rule 39 to excuse an untimely filing. However, considering the substance of his position rather than its form, the Court construes his request for a jury trial and his opposition to Dungarvin's motion to strike as a Rule 39 motion. *See Eichten*, 2007 WL 2084142, at *1 (D. Minn. July 17, 2007) (citing *FDIC v. Palermo,* 815 F.2d

2

1329, 1333 (10th Cir. 1987) ("Although Rule 39 provides for the court's discretion to be invoked by motion, some similar manifestations of the desire of a party to have a jury trial will suffice.") (quotation marks and citation omitted)).

Second, the Court finds that Mr. Daramola's jury demand did not comply with the deadlines established by Rule 38(b) because it was untimely. Mr. Daramola argues that his jury demand was timely because he filed it before the scheduling order's deadline for amending his complaint. That fact is relevant, as discussed below, to whether to excuse the waiver and order a jury trial, but it does not demonstrate timeliness under Rule 38. Under that Rule, Mr. Daramola needed to make the demand within 14 days of the "last pleading" concerning the issues that Mr. Daramola would like to have resolved by a jury. In this case, that deadline is March 25, 2025, which was 14 days after Dungarvin filed its answer.[2] *See Hill v. Rectenwald*, No. 5:10-00030 (JMM/JTK), 2010 WL 3655862, at *1 (E.D. Ark. Sept. 10, 2010) ("A last pleading is generally an answer to a complaint, and in the case of multiple parties, is the last pleading by any party on a common issue.") (citing *Bentler v. Bank of Am. Nat'l Tr. & Sav. Ass'n,* 959 F.2d 138 (9th Cir. 1992)). The failure to do so constitutes waiver of the right to a jury trial. *Spear*, 771 F.2d at 1144.

---

[2] Mr. Daramola filed his jury demand at the same time he filed his motion to amend the complaint. (Dkt. Nos. 59, 60.) The motion to amend remains pending as of the date of this Order. At least with respect to any new claims asserted in the proposed amended complaint, Mr. Daramola's request for a jury trial would be timely, but the filing of a motion to amend does not reset the 14-day clock for claims asserted in the original complaint. *See Certain Underwriters at Lloyd's v. SSDD, LLC*, No. 4:13-cv-193 CAS, 2014 WL 2154154, at *5 (E.D. Mo. May 22, 2014) (finding that defendant's amended pleadings "did not revive its right to jury trial because that pleading did not contain any new issues") (citing *In re Yukon Energy Corp.,* 138 F.3d 1254, 1260 (8th Cir. 1998)); *Kigera*, 2017 WL 2418013, at *1 ("[I]n interpreting Rule 38, courts consistently hold that an amended pleading does not revive the 14-day period unless the pleading raises new claims.") (footnote omitted). That said, if Mr. Dungarvin is allowed to amend his pleadings to assert an additional claim of disability discrimination, it would make little practical sense to hold a jury trial as to the new claim while withholding from the jury any questions about whether Dungarvin terminated him because of his race.

Despite the failure to satisfy Rule 38, the Rule 39 factors laid out in *Seow* support excusing Mr. Daramola's late filing of the jury demand and denying Dungarvin's motion to strike. Perhaps most importantly, Dungarvin has not shown that it will suffer any prejudice if the Court excuses Mr. Daramola's late filing. Even if Dungarvin has defended this case until now with an eye toward a bench trial, excusing the waiver now leaves ample time for Dungarvin to adjust its approach. The other factors also support excusing the waiver. This is an employment-discrimination case, a form of litigation that juries frequently resolve. Further, Mr. Daramola's request for a jury trial does not come on the eve of trial, so giving effect to his demand will not disrupt the schedule. The deadline for dispositive motions has not yet arrived and the Court has not yet issued a trial order. And neither the length of the delay, nor the reasons for it support depriving Mr. Daramola of a right to a jury trial on any issues so triable.

Accordingly, **IT IS HEREBY ORDERED THAT** Defendant's Motion to Strike (Dkt. No. 64) is **DENIED**.

Date: October 17, 2025

*s/Katherine Menendez*
Katherine Menendez
United States District Judge